UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDALL SALLY, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PANERA BREAD COMPANY, a/k/a SAINT LOUIS BREAD CO. and PANERA, LLC, <br><br> Defendants. | Case No: 4:22-cv-00217 <br><br> JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Defendants Panera Bread Company a/k/a Saint Louis Bread Co. and Panera, LLC (collectively, "Panera")[1] remove to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, the civil action entitled *Randall Sally v. Panera Bread Company, a/k/a Saint Louis Bread Co. and Panera, LLC*, Case No. 2022-CC01133, originally filed in the Circuit Court of the City of St. Louis, State of Missouri, on June 10, 2020. In support of this Notice of Removal, Panera states the following:

## BACKGROUND

1. On June 10, 2020, Plaintiff Randall Sally ("Plaintiff"), on behalf of himself and all others similarly situated, commenced the above-captioned lawsuit by filing a Class Action Petition for Damages (the "Complaint") in the Circuit Court of the City of St. Louis, State of Missouri (the

---

[1] Neither Panera Bread Company nor Saint Louis Bread Co. is a properly named defendant. Panera Bread Company is a holding company that has no employees and does not market or advertise. Saint Louis Bread Company is a fictitious name under Panera, LLC, not a separate corporate entity. Despite this, for ease of reference, this notice of removal refers to all named Defendants collectively as "Panera."

"State Court"). In accordance with Local Rule 2.03, a copy of the Complaint, together with all other process, pleadings, orders, and documents on file in the State Court, including the State Court's docket sheet, are attached hereto as Exhibit A.

2. Panera was served with the summons and a copy of the Complaint on July 14, 2020. Ex. A, Notice of Process of Service.

3. Plaintiff brings this action individually and as class representative to recover damages for allegedly unlawful practices under the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.010 et seq. Ex. A, Compl. ¶ 3.

4. The Complaint alleges that Panera "markets [its] Products as '100% clean' and/or 'clean' with no artificial preservatives, sweeteners, flavors, or colors from artificial sources," Ex. A, Compl. ¶ 4, even though, according to Plaintiff, Panera's "Products contain multiple ingredients that are artificial, chemical, and/or synthetic preservatives, sweeteners, flavors, and colors." *Id.* ¶¶ 6, 44. Plaintiff therefore contends that Panera "misrepresented, and/or concealed, suppressed, or omitted material facts in connection with the sale, distribution, and/or advertisement of the Products." *Id.* ¶ 7.

5. On August 13, 2020, Panera removed this action to this Court on the grounds that the State Court would need to determine important issues of federal law that would have ramifications for the nationwide labeling of food products in order to adjudicate Plaintiff's claims.

6. On September 11, 2020, Plaintiff moved to remand the case to State Court.

7. On August 3, 2021, the Court granted the motion to remand on the basis that Plaintiff's references to federal law (the FDCA and regulations thereunder) were merely a benchmark rather than a standard for liability.

8. On January 14, 2022, Panera, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, moved to compel arbitration of Plaintiff's claims in the State Court on the grounds that Plaintiff had agreed to Terms of Use containing an arbitration provision.

9. On February 10, 2022, Plaintiff filed an Emergency Motion for Protective Order to Strike Arbitration Clauses in the State Court ("Emergency Motion"). The Emergency Motion is extraordinary in that it seeks from the State Court affirmative relief ordering Panera to, *inter alia*, remove the arbitration provision from Panera's Terms of Use, thereby affecting all consumers on a going-forward basis, and enjoining Panera from presenting Missouri citizens with any arbitration agreement. Removing the arbitration provision from the Terms of Use would effectively prevent Panera from entering into arbitration agreements with anyone in the United States. The reach of the relief Plaintiff seeks goes far beyond his claim, and far beyond the claims of the putative class of individuals who purchased certain products in the State of Missouri. Indeed, the relief sought via the Complaint and its vehicle of the Emergency Motion would do grave injury to Panera's rights under the First Amendment to the Constitution of the United States and to the rights and protections created by the FAA. This injury to Panera's federal rights would be irreparable in that if the State Court enjoins Panera from entering into arbitration agreements, and that order is later reversed, there is no way to wind the clock backwards and *post hoc* foist arbitration agreements on consumers who were never presented with an arbitration provision due to the Emergency Motion. As a result, virtually every transaction nationwide for an unlimited period of time, regardless of sales channel, that would have been subject to arbitration will not have been.

10. The Emergency Motion was the first document served upon Panera in which Plaintiff asserted that the relief he seeks includes a court order for the removal of the arbitration provision from Panera's Terms of Use for all consumers on a going-forward basis and prohibiting Panera from presenting consumers with any arbitration agreement.

## STATEMENT OF GROUNDS FOR REMOVAL

11. Although the Complaint only asserts a state law claim, federal courts have jurisdiction over a state law claim "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see also Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009). The U.S. Supreme Court recognized this separate test for evaluating the removability of state law claims that impact federal issues in *Gunn*. All of the *Gunn* factors are met in this instance.

12. Under the existing Complaint, and pursuant to his state law MMPA claim, Plaintiff seeks to prohibit Panera from entering into arbitration agreements – not just with putative class members – but with all customers around the country. Such broad (and overreaching) relief necessarily implicates – and would eviscerate – Panera's rights under the FAA and severely (and unnecessarily) trample on its First Amendment rights. These issues are unequivocally "substantial." Plaintiff's requested relief pursuant to his state law claim, therefore, necessarily raises a substantial federal question that is actually disputed, warranting removal to this Court. *See*, *e.g.*, *Gunn*, 568 U.S. at 258; *Tantaros v. Fox News Network, LLC*, 12 F.4th 135 (2d Cir. 2021).[2]

13. This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b)(3). While the federal issues relating to the FAA and First Amendment were not evident from the "initial pleading," they became apparent when Plaintiff served his Emergency Motion on February 10,

---

[2] Panera does not assert that the FAA, itself, provides an independent basis for federal jurisdiction. Instead, it is Plaintiff's requested affirmative relief under the MMPA claim – relief that necessarily implicates Panera's rights under the FAA and the First Amendment – that gives rise to jurisdiction.

2022. Accordingly, this Notice of Removal is timely as filed within thirty days of service of the Emergency Motion. *See* 28 U.S.C. §1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

14. For the foregoing reasons, the Court may exercise original jurisdiction over this action under 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a).

## COMPLIANCE WITH REMOVAL PROCEDURES

15. This Notice of Removal is timely filed under 28 U.S.C. §§ 1453(b) and 1446(b) because Panera was served with the Emergency Motion on February 10, 2022, and is filing this Notice of Removal within thirty (30) days of service.

16. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the removed action was filed in the Circuit Court of the City of St. Louis, Missouri, a court encompassed by the Eastern District of Missouri, Eastern Division.

17. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, a copy of all "process, pleadings, and orders served upon" Panera with respect to this action, "a copy of the state court's docket sheet," and any other documents on file in the State Court, are attached. *See* Ex. A.

18. Pursuant to the Eastern District of Missouri Removal Case Check List, all "pending motions and responses to those motions filed in the state court" are attached. *See* Ex. B.

19. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal will be promptly served on the attorneys for Plaintiff, and a copy will be promptly filed with the Clerk of the Circuit Court of the City of St. Louis, Missouri.

20. Panera has complied with Local Rule 2.02. A completed Civil Cover Sheet, an Original Filing Form, and a Disclosure of Organizational Interests Certificate for each defendant accompanies this Notice of Removal.

Panera reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

WHEREFORE, Panera gives notice of the removal of this action from the Circuit Court of the City of St. Louis, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Respectfully submitted,

Dated:  February 22, 2022

*/s/ James P. Muehlberger*
James P. Muehlberger, #51346MO
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO  64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
jmuehlberger@shb.com

P. Craig Cardon (*pro hac vice* application forthcoming)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA  90067
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
ccardon@sheppardmullin.com

*Attorneys for Panera Bread Company a/k/a Saint Louis Bread Co. and Panera, LLC*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 22nd day of February, 2022, the foregoing Notice of Removal was electronically filed with the Clerk of the Court using the CM/ECF system, and was served via electronic mail upon the following:

| | |
|---|---|
| Daniel J. Orlowsky | Adam M. Goffstein |
| Orlowsky Law, LLC | Goffstein Law, LLC |
| 7777 Bonhomme, Ste. 1910 | 7777 Bonhomme, Ste. 1910 |
| St. Louis, MO 63105 | St. Louis, MO 63105 |
| dan@orlowskylaw.com | adam@goffsteinlaw.com |

              /s/ *James P. Muehlberger*