UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDALL SALLY, *on behalf of himself and all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:22-cv-00217 ) |
| PANERA BREAD COMPANY, a/k/a SAINT LOUIS BREAD CO., *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Randall Sally's Motion to Remand. Doc. [16]. Plaintiff originally filed his petition in the Circuit Court for the City of St. Louis, Missouri. *See* Doc [11]. Defendants Panera Bread Company, a/k/a Saint Louis Bread Co., and Panera, LLC (collectively "Panera") removed this case by purportedly invoking federal question jurisdiction under 28 U.S.C. § 1331. Doc. [1]. For the reasons that follow, the Court grants Plaintiff's Motion to Remand.

**I.   BACKGROUND**[1]

This Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.010 *et seq.*, case arises out of Panera's "clean" advertising campaign. Plaintiff's MMPA action centers around Panera's claim, made in advertisements, on its website, and displayed in its restaurants, that all its food is "clean," a word Panera self-defines as meaning that the food is free from any "artificial preservatives, sweeteners, flavors, or colors from artificial sources." Doc. [11] at ¶¶ 16, 23–24. Panera previously removed this case to federal court, and this Court remanded the case back to

---

[1] For a more detailed explanation of the facts, see the Court's previous Memorandum and Order remanding the action to state court. *Sally v. Panera Bread Co.*, 552 F. Supp. 3d 846 (E.D. Mo. 2021).

1

state court finding this Court lacked subject matter jurisdiction under 28 U.S.C. § 1331. *See Sally v. Panera Bread Co.*, 552 F. Supp. 3d 846 (E.D. Mo. 2021).

Since then, Panera implemented new "Terms of Use," imposing arbitration agreements during the pendency of this lawsuit that did not exist at the time Plaintiff filed his case.[2] Based on these arbitration agreements, Panera moved to compel arbitration of Plaintiff's claims on the grounds that Plaintiff had agreed to the Terms of Use containing an arbitration provision, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* Doc. [7]. In response, Plaintiff filed an Emergency Motion for Protective Order to Strike Arbitration Clauses. Doc. [8].

For a second time, Panera removed this action to this Court, once again asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. Doc. [1]. Plaintiff never amended his original Petition. Rather, Panera now argues that Panera's Motion to Compel Arbitration, Doc. [7], and Plaintiff's subsequent motion against arbitration, Doc. [8], (collectively the "Arbitration Motions") invoke federal question jurisdiction because the FAA and First Amendment are implicated. In the current Motion, Plaintiff moves to remand the case back to state court. Doc. [16].

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. *Gunn v. Minton*, 568 U.S. 251, 256 (quoting *Kokkonen*, 511 U.S. at 377). "A defendant may remove a state law claim to federal court only if the action originally could have

---

[2] Panera's Terms of Use in effect at the time Plaintiff filed his lawsuit in June 2020 did not contain an arbitration provision or any other waiver of rights provision. Doc. [8]. In March 2021, Panera imposed arbitration provisions and class action waivers in its new Terms of Use. *Id.* at 5. Panera then sent emails to the putative class members informing them that any further Panera purchase will result in accepting the Terms of Use and that any further disputes with Panera requires arbitration. *Id.* at 6.

been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). Removal statutes are strictly construed, and "all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

Section 1331 of Title 28 grants federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Gunn*, 568 U.S. at 257 (quoting 28 U.S.C. § 1331). Panera removed this case based on federal-question jurisdiction, which means the "well-pleaded complaint rule" governs. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the "longstanding well-pleaded complaint rule," a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 59–60 (2009). It follows then that federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Id.* at 60–61. To consider otherwise, "would undermine the clarity and simplicity of [the well-pleaded complaint] rule if federal courts were obliged to consider the contents not only [of] the complaint" when determining whether a case "arises under" federal law. *Id.* Bearing in mind that the burden is Panera's to establish this Court's jurisdiction, *In re Prempro*, 591 F.3d at 620, the Court will assess whether Plaintiff's Petition gives rise to federal jurisdiction.

**III.   DISCUSSION**

Under the "well-pleaded complaint rule," a case ordinarily is not removable on federal question grounds unless the federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar*, 482 U.S. at 392. Here, Plaintiff's Petition states a claim for violations of the MMPA resulting from Panera's allegedly false and misleading "clean" representations. Nothing in the Petition alleges a dispute under Panera's arbitration agreements;

3

nor does it implicate any relief related to Panera's arbitration agreements.  In fact, Plaintiff's Petition could not have raised such a dispute since the arbitration agreements of which Panera seeks to compel enforcement of did not exist when Plaintiff filed this action.  Doc. [8] at 4–5.  Because Plaintiff asserts a claim only under the MMPA, "no federal question appears on the face of the Petition."  *Sally*, 552 F. Supp. 3d at 850.

Nonetheless, Panera interjected the litigation into federal court—for a second time—via federal question jurisdiction asserting that the FAA and First Amendment is implicated here because of the Arbitration Motions.[3]  But, defenses and counterclaims cannot create federal jurisdiction.  *Vaden*, 556 U.S. at 60 ("Federal jurisdiction cannot be predicated on an actual or anticipated defense: 'It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of [federal law].'"); *see also Central Iowa*, 561 F.3d at 912 ("Federal jurisdiction cannot be predicated on an actual or anticipated defense").  Panera "cannot, merely by injecting a federal question into an action that asserts what is plainly a [non-removable] claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."  *Caterpillar*, 482 U.S. at 399.  Panera's attempt to shoehorn this otherwise non-removable case into federal court via the Arbitration Motions is exactly the type of conduct the well-pleaded complaint rule seeks to prohibit.  The well-pleaded complaint rule remains viable and requires the federal question to arise from Plaintiff's pleading—not a defense or counterclaim to that pleading.  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13–14 (1983) ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense.").

---

[3] Notably, Panera filed a Motion to Compel Arbitration in state court prior to removal.

4

Even putting aside the well-settled well-pleaded complaint rule, Panera has not successfully shown how it could remove this case on FAA grounds.  The FAA does not create any independent federal question jurisdiction under 28 U.S.C. § 1331.[4]  *Badgerow v. Walters*, 142 S. Ct. 1310, ---, 2022 WL 959675, at *3 (2022); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983).  A federal court may entertain an action brought under the FAA only if the action has an "independent jurisdictional basis." *Badgerow*, 2022 WL 959675 at *4.  "Were it otherwise, every arbitration in the country, however distant from federal concerns, could wind up in federal district court."  *Id*.  When determining whether there is federal question jurisdiction under the FAA, the Supreme Court explained courts must keep in mind the well-pleaded complaint rule and may "not entertain" jurisdiction based on "the contents, actual or hypothetical, of a counterclaim" or defense.  *Vaden*, 556 U.S. at 62; *see also Badgerow*, 2022 WL 959675 at *5.

Quarrels about the enforceability of an arbitration agreement, like the Arbitration Motions here, "typically involve only state law, like disagreements about other contracts" and do not raise a federal issue.  *Badgerow*, 2022 WL 959675, at *5 (finding no federal issue raised on this basis). The Arbitration Motions here require a determination of whether a valid provision to arbitrate even exists.  *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 427–28 (Mo. banc 2003) ("Before a party may be compelled to arbitrate under the FAA, a court must determine whether a valid agreement to arbitrate exists between the parties.").  This is a matter of contract, and the

---

[4] Specific to the case here, the Supreme Court made clear that a motion to compel arbitration does not itself support federal jurisdiction.  *Badgerow v. Walters*, 142 S. Ct. 1310, ---, 2022 WL 959675, at *4 (2022) (citing *Hall Street*, 552 U.S., at 581–582; *Vaden*, 556 U.S. at 59).

5

analysis is governed by state law alone.[5]  *See State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 856 (Mo. banc 2006) ("Missouri contract law applies to determine whether the parties have entered into a valid. agreement to arbitrate."); *see also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) (explaining the FAA looks to state law to decide the threshold questions of contract formation).

As such, the Arbitration Motions go "to state, rather than federal, courts" because the dispute raises "claims between non-diverse parties involving state law." *Badgerow*, 2022 WL 959675, at *8.  Thus, "[w]hatever role federal regulations and law ultimately play in this case, state courts are fully 'competent to apply federal law, to the extent it is relevant.'" *Sally*, 552 F. Supp. 3d at 852 (quoting *Empire*, 547 U.S. at 701); *accord Moses*, 460 U.S. at 25–26 (explaining "the federal courts' jurisdiction to enforce the Arbitration Act is concurrent with that of the state courts").  As the Supreme Court has noted, "state courts have a prominent role to play as enforcers of agreements to arbitrate." *Vaden*, 556 U.S. at 59.[6]

As already discussed, the case here does not require the Court to interpret or apply the FAA or First Amendment but rather to determine questions of state law regarding Panera's allegedly false and misleading "clean" representations.  Indeed, Panera has made no showing that the Petition states any facts that bring Plaintiff's MMPA claim into the theater of federal question jurisdiction.  As the Court already concluded, upon its first remand of this case back to state court,

---

[5] Panera seems to acknowledge that Missouri law governs whether the parties have entered into a valid arbitration agreement.  See Doc. [7] at 8.

[6] For similar reasons, Panera's argument that this case falls within the narrow category of cases described in *Gunn-Grable* fails; Panera has failed to carry its burden of showing that this "issue will have the requisite 'importance . . . to the federal system as a whole' to be considered 'substantial' within the meaning of *Grable*."  The issue here is one of state law, not federal law.  And, the Supreme Court has made clear that issues relating to the enforceability of arbitration agreements are generally issues of state-law, and, after such a determination, states are fully competent to apply the FAA.

"[f]ederal law does not 'create the cause of action asserted' here, so there is no basis for 'arising under' jurisdiction on the face of Plaintiff's Petition." *See Sally*, 552 F. Supp. 3d at 850 (quoting *Gunn*, 568 U.S. at 258).

### CONCLUSION

As the Court previously noted in this matter, Plaintiff is the "master of his complaint," and as such he "may avoid federal jurisdiction by exclusive reliance on state law." *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 521 (8th Cir. 2020) (quoting *Caterpillar*, 482 U.S. at 392); *see Sally*, 552 F. Supp. 3d at 853. In his Petition, he alleged only a violation of the MMPA, a state law; thus, federal law does not create the cause of action alleged here. Nor has Panera shown how the FAA allows it a work-around to establish jurisdiction in federal court. Therefore, this Court does not have subject matter jurisdiction under 28 U.S.C. § 1331, and the Court must remand the case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, Doc. [16], is **GRANTED**.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 13th day of April, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE